UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 AUG 18 A 11: 09

Running Deer Van T. Green
Plaintiff

Civil Action No:
3:03 cv 602

vs.

Edward Kalinowski                                    August 13, 2004
Wesleyan University
Douglas Bennett President
Michael R. Augeri
Town Country Auto Sales
    Defendants

**Motion to Reverse this Portion of the Complaint and Direct that the District Court Enter Judgment Without Prejudice.**

The Plaintiff Running Deer Van T. Green, respectfully submits this Memorandum of Law in support of Defendant, Edward Kalinowski's Motion to Dismiss Without Prejudice. Plaintiff also moves to dismiss complaint under Rule 12(B)(6) of the Federal Rules of Civil Procedure because (1) Defendant is immune from liability for acts conducted in performance of his official duties as first selectman of the town of Portland.

A) Standing

Federal Courts only have jurisdiction to hear actual cases and controversies U.S. Const. lll, & 2, cl. 1. "Federal Courts are without power to decide questions that cannot affect the rights of litigants in the case before them. "North Carolina V. Rice, 404 U.S. 224, 246 (1971). The controversy must be definite and concrete, touching the legal relation of parties having adverse legal interest. " Nat., of the Blind of Mo., 184 F 3d at 979 (emphasis added) a party must satisfy constitutional standing

requirement for its case to proceed to adjudication. Id a party has standing to bring a claim if it has suffered some actual or threatened injury. "In order to demonstrate standing, Plaintiff must demonstrate that he has suffered (an) injury in fact, that the injury is fairly traceable to the action of the State of Connecticut and that the injury will likely be redressed by a favorable decision." Bennett V. Spear, 520 U.S. 154, 162, (1997) (citing Lujan V. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992): Valley Forge Christian Coll. V., Am United for separation of church and state, Inc., 454 U.S. 464, 471-472 (1982 internal citation omitted).

B) Dismissal

Plaintiff is asking that the Court dismiss without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure, dismissal for lack of jurisdiction is not an adjudication on the merits and thus such a dismissal should be without prejudice"); "Charchenko V. City of Stillwater, 47 F.3d 981, 985, (8th cir. 1995) if the court dismissed solely on jurisdictional grounds dismissal with prejudice is premature. We are asking the Court to reverse this portion of the judgment and direct that the district court enter judgment without prejudice.

In conclusion, we affirm the district courts dismissal for lack of standing.

Plaintiff

By: _____
Running Deer Van T. Green

Certification

This is to certify that on this ___13TH___ day of August, 2004, a copy of the foregoing was mailed, postage prepaid or hand delivered to the following:

Halloran/Sage LLP
One Goodwin Square
Hartford, CT 06103
Patrick M. Birney, Esq.
Duncan J. Forsyth, Esq.

Joe Kitto, Esq.
Law Firm 5335 N.W.
Wisconsin Avenue, Suite 440
Washington, D.C. 20015